A91A0317. WILLIS v. THE STATE.
(405 SE2d 739)

COOPER, Judge.
Defendant was convicted by a jury of possession of cocaine with intent to distribute and appeals the denial of his motion for new trial.

The evidence shows that Officer Diane Oliver had received several complaints about persons loitering and selling drugs in the parking lot of a local cafe. While patrolling one evening in a marked car she parked in front of the cafe and got out of her car, at which time she observed appellant come running from the back of the cafe with

what looked like a wad of brown paper in his hand. As appellant ran toward the front door of the cafe, he stumbled, and Officer Oliver caught him by the pants. Officer Oliver observed appellant throw the brown paper on the floor of the cafe, and when she retrieved the brown paper from the cafe, she found eight pieces of what appeared to be crack cocaine inside the paper. At trial the substance was positively identified as cocaine.

1. Appellant first contends that the trial court erred in denying his motion in limine to exclude the State's similar transaction evidence of a prior conviction on a guilty plea to possession of marijuana with the intent to distribute. Appellant argues that there was not sufficient similarity between the offense charged and the prior conviction. We disagree. Both charges involved possession of a controlled substance with the intent to distribute that substance to other persons. "Further, assuming arguendo that some degree of prejudice to appellant would flow from the mere admission of this evidence, such prejudice was outweighed by probative value or its relevancy to the issues on trial, specifically to appellant's motive, bent of mind, plan, scheme and course of conduct." *Roney v. State*, 192 Ga. App. 760 (2) (386 SE2d 412) (1989). The evidence was admitted for the limited purpose of illustrating appellant's state of mind, and the trial court gave appropriate limiting instructions. Accordingly, we find no error. *Daniel v. State*, 194 Ga. App. 495 (1) (391 SE2d 128) (1990).

2. In his second enumeration of error, appellant contends that the trial court erred in allowing a State's witness to testify that appellant admitted in his custodial statement that he used cocaine every few days. One of the investigating officers testified that after advising appellant of his rights, he signed a waiver of rights form and stated to her that he ran when he saw the police because he was on parole and knew that he was in an area where he did not need to be; that he used the powder form of cocaine; and that the cocaine found by Officer Oliver was not his. Appellant argues that the statement impermissibly placed his character in issue. With this contention, we agree, but nevertheless affirm the trial court because we conclude that the error was harmless. Appellant's statement that he used the powder form of cocaine had nothing to do with his arrest for possession of cocaine with the intent to distribute. See *Robinson v. State*, 192 Ga. App. 32, 34 (383 SE2d 593) (1989). " '[T]he statement cannot be construed as anything other than a denial of the [offense] for which he was on trial. Thus, the only possible evidentiary function which the confession concerning prior cocaine use could have served as far as the state was concerned was an impermissible one, i.e., to impugn the appellant's character before the jury by showing that he was generally prone to criminal conduct.' [Cit.]" *Robinson v. State*, supra. However, unlike *Robinson*, we find that the error was harmless in light of the

State's evidence, appellant's testimony on direct that he had attended a drug rehabilitation program and his testimony on cross-examination that he failed a urinalysis test when he tested positive for cocaine. Accordingly, we find no abuse of the trial court's discretion in admitting the evidence. See *Freese v. State*, 196 Ga. App. 761 (1) (396 SE2d 922) (1990).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MAY 6, 1991.

*W. Earl McCall*, for appellant.
*Britt R. Priddy, District Attorney*, for appellee.