## A98A1887. SAMPLES v. THE STATE.
(505 SE2d 813)

ELDRIDGE, Judge.

A Pulaski County grand jury indicted appellant Robert Samples and his co-defendant for the offenses of theft by taking (two counts) and possession of tools for the commission of a crime. The trial court directed a verdict of acquittal as to the two counts of theft by taking. The jury found Samples and his co-defendant guilty of possession of tools for the commission of a crime. Samples appeals from the denial of his motion for new trial.

In the light most favorable to the verdict, the evidence showed the following: On the evening of November 3, 1995, Arthur Woodson observed two males in a small red car pull up in front of Custom Car

Care, raise the hood of the car, remove an object from under the hood, and use the object to enter the vending machine located in the front of the building.

James Mason, Jr., an officer with the Hawkinsville Police Department, responded to Woodson's report. When Officer Mason arrived at the reported address, the car and the men were gone. Shortly thereafter, Officer Mason observed two men standing by the open hood of a small red car parked in front of Jones' Z-Mart, located about one half-mile from Custom Car Care. When Officer Mason approached them, the car was running. The men lowered, but did not close, the hood of the car, and walked toward Officer Mason, stating that the car was fixed.

Neither man could produce a driver's license or identification. The two men identified themselves as Bobby Parker and Jerry Lee Butler. It was later determined that Butler's correct name was Robert Samples. Officer Mason radioed the dispatcher and requested that he run both men's names through the Georgia Crime Information Center ("GCIC"). There was an active warrant on Parker from another county.

When Officer Mason requested an insurance card, Samples unlocked the glove compartment. The glove compartment "fell open as if it had a real heavy weight in it," and a brown paper sack rolled to the front. Samples immediately tried to close the glove compartment and told Officer Mason that this was not his car. Officer Mason asked Samples to move away from the car and felt the outside of the bag, concluding it was full of coins. There were also quarters and other coins scattered on the floor and front seat of the car.

The men were placed under arrest and seated in police cars to be taken to jail. The officers then raised the car's hood and found a set of bolt cutters lying across the engine and a black Bacardi rum bag containing 108 vending machine keys. These keys opened various vending machines in the vicinity, including the vending machines at both Custom Car Care and Jones' Z-Mart.

Roger Crosby, the owner of Custom Car Care, testified that the last time he had removed money from the vending machine was approximately 15 to 20 days prior to this incident. When he was called by the police the night of the incident, the vending machine did not contain any money. Crosby estimated that between $50 and $90 had been taken from the vending machine.

1. In his first enumeration, Samples contends that his trial counsel was ineffective. His claims of ineffectiveness, however, are not supported by the record.

(a) Samples contends that his trial counsel was ineffective because he did not object or ask for a mistrial when the State's witness testified that Samples' co-defendant had an outstanding war-

rant from another county. Samples argues that the co-defendant's character was improperly placed into evidence and that such evidence, also, improperly tainted the jury's view of him.

Officer Mason's testimony was that, subsequent to the two men's arrest, he radioed the station dispatcher and requested that their names be run on GCIC and that a "positive hit" came back on Parker, indicating that there was an active warrant from another county. Even assuming, for the sake of argument only, that such testimony placed Samples' character in issue, "[a]ll circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them." (Citations and punctuation omitted.) *Kirk v. State*, 210 Ga. App. 440, 443 (436 SE2d 553) (1993). "Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court." (Citations and punctuation omitted.) Id. "[N]o error is committed by admitting such evidence as part of the res gestae even though it may incidentally have placed appellant's character in issue. [Cit.]" *Overstreet v. State*, 182 Ga. App. 809, 811 (2) (357 SE2d 103) (1987).

(b) Samples further contends that his trial counsel was ineffective because counsel did not: (1) seek a mistrial once the court dismissed the two counts of theft by taking; (2) object to the physical evidence related to the theft by taking counts going out with the jury; and (3) request the trial court to instruct the jury not to consider evidence on the theft by taking counts.

"The [S]tate is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial." (Citations and punctuation omitted.) *Altman v. State*, 229 Ga. App. 769, 770 (2) (495 SE2d 106) (1997). Possession of tools for the commission of a crime requires the State to prove two elements, possession and intent. *Hogan v. Atkins*, 224 Ga. 358 (162 SE2d 395) (1968). The evidence before the court on the theft by taking counts was part of the res gestae of the offense of possession of tools for the commission of a crime. Even if Samples had not been indicted for the two counts of theft by taking, the State would be permitted to put up such evidence for the jury's use in determining Samples' intent. Such evidence was properly before the jury.

"A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990). "To establish a claim of ineffective assistance of counsel, [Samples] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his

defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). [Samples] must establish both the performance and the prejudice components of the *Strickland* test." *Johnson v. State*, 222 Ga. App. 722, 728 (9) (475 SE2d 918) (1996). "A conviction will not be reversed on the basis of ineffective assistance of counsel unless counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." (Citation and punctuation omitted.) *Cunningham v. State*, 222 Ga. App. 740, 743-744 (2) (475 SE2d 924) (1996); *Strickland v. Washington*, supra at 669. Samples "has failed to carry his burden to show affirmatively by the record that counsel's performance was deficient and that [Samples] was prejudiced as a result thereof." *Dixon v. State*, 267 Ga. 136, 138 (2) (475 SE2d 633) (1996); *Strickland v. Washington*, supra. Accordingly, there was no error.

2. Samples challenges the sufficiency of the evidence.

"On appeal the evidence must be viewed in a light most favorable to the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, on appeal this [C]ourt determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]" *Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990). Viewed in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find Samples guilty beyond a reasonable doubt of the offense of possession of tools for the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *Cunningham v. State*, 128 Ga. App. 789 (197 SE2d 871) (1973).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 17, 1998.

*Genelle, Jennings & Associates, Nicholas E. White*, for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.