A00A0048. MOORE v. THE STATE.
(529 SE2d 381)

JOHNSON, Chief Judge.
Willie Moore was convicted of armed robbery, possession of a firearm by a felon and possession of a sawed-off shotgun. He appealed to this court, and we remanded the case to the trial court for a determination of Moore's ineffective assistance of counsel claim. On remand, the trial court held an evidentiary hearing on Moore's motion for a new trial due to ineffective assistance of counsel and later denied the motion. Moore appeals from the trial court's denial of his motion for a new trial.

1. Moore argues that his trial counsel was ineffective because he did not object when the state introduced only a certified copy of his prior robbery conviction and no other evidence about that similar transaction, he did not object to the prosecutor's improper closing

argument remarks, and he did not call Moore's daughter as a witness.

In order to prove ineffective assistance of counsel, the appellant must show (1) that counsel's performance was deficient and (2) that the deficiency prejudiced the appellant, i.e., there is a reasonable probability that but for counsel's error the jury would have had a reasonable doubt regarding the appellant's guilt.[1] Contrary to Moore's arguments, we cannot find that he has made both showings needed to prove that his trial counsel was ineffective.

(a) Moore correctly asserts that his trial counsel should have objected to the state's proving of its similar transaction by introducing only a certified copy of Moore's prior armed robbery conviction. The Supreme Court has held that it is error for the state to prove a similar transaction by merely introducing a certified copy of a conviction without any independent evidence establishing the similarity between the other crime and the crime charged.[2] Had Moore's attorney objected to the state's inadequate proof of the similar transaction, the trial court would have been obligated to exclude evidence of that prior robbery.[3]

However, the erroneous admission of similar transaction evidence may be harmless if there is such overwhelming evidence of the defendant's guilt that it is highly probable that the error did not contribute to the guilty verdict.[4] In the instant case, there was such overwhelming evidence.

The state presented the testimony of the victim and several police officers. Their testimony established that the victim was working as a cashier in a convenience store when Moore and another man came into the store. The other man left while Moore got a can of Budweiser beer, set it on the counter, pointed a sawed-off shotgun at the victim and demanded money. The victim gave him money from the cash register, including a marked $2 bill. Moore then left the store, and the cashier immediately called the police. She described Moore to the police; she told them about a hat, sunglasses and a v-neck burgundy sweater that he was wearing, and about a tattoo that she had seen on his chest through his v-neck sweater.

An officer quickly arrived at the scene of the crime and saw the man who had been with Moore walking away from the area, and he saw Moore sitting in a nearby parked car. The officer stopped the man who was trying to walk away and ordered Moore not to leave.

---

[1] *Gomillion v. State*, 236 Ga. App. 14, 16 (3) (512 SE2d 640) (1999).

[2] *Williams v. State*, 261 Ga. 640, 642-643 (2) (409 SE2d 649) (1991).

[3] See *Harris v. State*, 216 Ga. App. 672, 673 (1) (455 SE2d 387) (1995); *Little v. State*, 202 Ga. App. 7, 8 (1) (413 SE2d 496) (1991).

[4] *Howard v. State*, 215 Ga. App. 342, 344 (2) (450 SE2d 824) (1994).

But Moore drove away from the scene.

Another officer stopped Moore a short time later. In the car, the police discovered a sawed-off shotgun, a hat, a burgundy v-neck sweater, sunglasses, an unopened can of Budweiser beer and money, including the marked $2 bill. Another officer later saw a tattoo on Moore's chest similar to the tattoo described by the victim.

Soon after Moore was arrested, the victim positively identified him as the armed robber. She also identified him during the trial as the man who robbed her. In addition, the state introduced a surveillance videotape showing the armed robbery.

Given this overwhelming evidence of Moore's guilt, there is no reasonable probability that the jury would have returned a different verdict if the certified copy of Moore's prior conviction had not been allowed into evidence.[5] We therefore conclude that even though Moore's lawyer was deficient in not objecting to the admission of merely the copy of his conviction without any independent evidence of that purportedly similar crime, the deficiency did not prejudice Moore.

(b) Moore contends that his trial counsel was ineffective because he did not object when the prosecutor stated during his closing argument (1) that a witness who testified against Moore might be in danger and (2) that Moore had served only 14 years of a 20-year sentence for his prior armed robbery conviction. We agree with Moore that the prosecutor's closing remarks were highly inappropriate and provided grounds for not only objections from the defense, but also a rebuke from the trial judge. Nevertheless, this case is not in a posture where we are simply reviewing errors by the prosecutor but is before us in the context of an ineffective assistance of counsel claim. As noted above, such a claim requires a showing of both error and prejudice to the defendant. After a review of the trial transcript, it is apparent that Moore cannot make both of these showings as to his attorney's responses to the prosecutor's improper closing remarks.

The transcript reveals that although Moore's lawyer did not immediately object when the prosecutor inappropriately referred to the witness possibly being in danger, his lawyer did properly object to the impropriety after the prosecutor's argument and moved for a mistrial on that basis. The court denied the motion but gave the jury a curative instruction regarding the prosecutor's improper statements. Thus, contrary to Moore's claim, his counsel was not deficient because he did in fact object to the prosecutor's improper remarks, and he obtained a ruling from the court on his objection and motion

---

[5] See *Bowdry v. State*, 211 Ga. App. 626, 627 (440 SE2d 59) (1994).

for a mistrial.[6] The lawyer's decision about when to register his objection to the prosecutor's highly improper comments was a tactical decision that does not amount to a deficient performance.[7] Furthermore, there is no reasonable probability that the jury would have found Moore not guilty if his attorney had objected and moved for a mistrial during, instead of after, the prosecutor's argument. Thus, counsel's failure to object during the argument was not prejudicial to Moore.[8]

Moore also claims that when the prosecutor said that Moore had served only 14 of 20 years for a prior conviction, his counsel should have objected on the ground that such a statement violated OCGA § 17-8-76. That Code section provides that an attorney in a criminal case shall not argue in front of the jury that a defendant, if convicted, may not suffer the full penalty imposed by the court because he might be granted a pardon, parole or clemency.[9] Moore's counsel was not deficient in failing to object on the basis of OCGA § 17-8-76, because the prosecutor did not actually argue to the jury that if Moore were convicted, he might not suffer the full penalty imposed by the court. Nevertheless, we note that the prosecutor's statement was, again, highly improper. The fact that Moore had not served all of his prior 20-year sentence was completely immaterial to the issue to be decided by the jury, i.e., whether Moore committed the crimes charged. In spite of the prosecutor's error, given the overwhelming evidence of Moore's guilt we cannot find that it is highly probable the outcome of the trial would have been different without that error. Thus, Moore was not prejudiced by his attorney's decision not to object to the prosecutor's improper statement.

(c) Moore's claim that his attorney was ineffective because he failed to call Moore's daughter as a witness is without merit. At the motion for new trial hearing, the attorney testified that he believed he had spoken with the daughter before the trial, that all the witnesses Moore had wanted for the trial were in fact subpoenaed, and that he presented all the witnesses who he thought were needed for the defense.

The decision of which defense witnesses to call is a matter of trial strategy for the attorney and does not constitute ineffective assistance of counsel.[10] Thus, Moore's counsel was not deficient in

---

[6] Compare *Hines v. State*, 267 Ga. 92 (2) (475 SE2d 610) (1996) (defendant precluded from a review of prosecutor's improper closing argument because he failed to object either during or after the argument).

[7] See *Anderson v. State*, 206 Ga. App. 354, 355-356 (2) (426 SE2d 6) (1992).

[8] See *Polk v. State*, 225 Ga. App. 257, 258 (1) (b) (483 SE2d 687) (1997); *Mency v. State*, 228 Ga. App. 640, 648 (2) (i) (492 SE2d 692) (1997).

[9] OCGA § 17-8-76 (a).

[10] *Rutledge v. State*, 237 Ga. App. 390, 392 (2) (515 SE2d 1) (1999); *McCant v. State*, 234

deciding not to call Moore's daughter as a witness.

Moreover, the daughter's testimony at the motion for new trial hearing did not provide an alibi for Moore, but only established that she had seen him several hours before the crime. Given such testimony, there is no reasonable probability that the jury would have found Moore not guilty if she had testified at trial.[11]

2. A trial court's finding that a defendant has received effective assistance of counsel must be upheld unless it is clearly erroneous.[12] Because Moore has not carried his burden of showing affirmatively by the record both that his lawyer's performance was deficient and that he was prejudiced by such deficiency, we must uphold the trial court's denial of Moore's motion for a new trial on the ground of ineffective assistance of counsel.[13]

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 4, 2000.

*Kathleen J. Anderson*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

Ga. App. 433, 436 (3) (506 SE2d 917) (1998).
[11] See id. at 436-437 (3).
[12] *Samples v. State*, 234 Ga. App. 8, 10 (1) (b) (505 SE2d 813) (1998).
[13] See id. at 11.