## A01A1456. FREEMAN v. THE STATE.
(555 SE2d 879)

PHIPPS, Judge.

In a bifurcated trial, a jury found Herman Derek Freeman guilty of armed robbery, aggravated assault, fleeing or attempting to elude, and possession of a firearm during the commission of a crime. Following the jury's verdict, he pled guilty to possession of a firearm by a convicted felon. Freeman appeals, contending that the evidence was insufficient to support the jury's verdict, that testimony mentioning his parole violated OCGA § 17-8-76, and that a State's witness violated the rule of sequestration. We affirm because the record demonstrates that the evidence was sufficient and that no violation of OCGA § 17-8-76 occurred. Freeman abandoned his remaining contention.

Viewed in the light most favorable to the jury's verdict, the evidence shows that around 9:00 a.m. on February 1, 2000, Josh Parson arrived home from work and found Freeman and Freeman's wife there. A disagreement appeared to be in progress. Mrs. Freeman was the daughter of Parson's roommate, and the Freemans previously had lived in the home with Parson. Around noon, everyone left the house, and Parson and Freeman's wife went together to the store. Upon returning home, Parson discovered Freeman hiding beside a bed. Freeman forced Parson at gunpoint to handcuff himself and lie

---

on the floor, at which point, Freeman, still armed, fled the scene in Parson's truck, taking his wife with him. Parson was able to release himself and call the police, who pursued Freeman. The chase ended in Alabama when the truck ran out of gas. After several hours of hostage negotiations, Freeman released his wife and turned himself in to police.

1. Relying on OCGA § 17-8-76, Freeman contends that the trial court erred in denying his motion for a mistrial when a State's witness testified that Freeman was on parole. That Code section prohibits an attorney from arguing that the defendant may not serve his full sentence if convicted.[1]

The testimony to which Freeman objects came from Freeman's wife, who stated that during the hostage negotiations Freeman mentioned his parole officer. Such testimony did not address the possibility of pardon, parole, or other clemency for the instant charges and thus did not violate OCGA § 17-8-76.[2] Further, the trial court complied with Freeman's later request for curative instructions, directing the jurors that Freeman's parole was not relevant to the case before them and they should disregard it. The trial court did not abuse its discretion when it denied the motion for mistrial.[3]

2. Freeman contends the evidence was insufficient to support the jury's verdict. Having viewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Freeman guilty beyond a reasonable doubt of armed robbery, aggravated assault, fleeing or attempting to elude, and possession of a firearm during the commission of a crime.[4]

3. Freeman's contention that a State's witness violated the rule of sequestration is unsupported by any argument or citation to authority. It is therefore deemed abandoned.[5]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 31, 2001.

*Meng H. Lim*, for appellant.

---

[1] *Gilreath v. State*, 247 Ga. 814, 835 (15) (279 SE2d 650) (1981); *Hernandez v. State*, 244 Ga. App. 874, 876 (1) (a) (537 SE2d 149) (2000).

[2] See *Gilreath*, supra; *Hernandez*, supra; *Moore v. State*, 242 Ga. App. 249, 251-252 (1) (b) (529 SE2d 381) (2000).

[3] See *Romine v. State*, 256 Ga. 521, 533 (10) (350 SE2d 446) (1986).

[4] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] Court of Appeals Rule 27 (c) (2); see *Sapeu v. State*, 222 Ga. App. 509, 512-513 (8) (474 SE2d 703) (1996).

*James R. Osborne, District Attorney, Carmen T. Bolden, Assistant District Attorney*, for appellee.