A07A1398. SHIPMAN v. THE STATE.
(653 SE2d 383)

SMITH, Presiding Judge.

Ladonta Shipman was indicted for murder and felony murder. A jury found him guilty on two counts of the lesser included offense of voluntary manslaughter. The trial court merged the counts for sentencing. Shipman now appeals, asserting several claims of error. We find no error and therefore affirm.

Construed in favor of the verdict, the evidence showed that Shipman and the victim played basketball one afternoon before going

to a store to purchase alcohol. The victim then drove Shipman home. Shipman's friend, Taurus Williams, joined Shipman and the victim and the three "hung out" and drank alcohol.

Later that night, Shipman was driving with Williams and Russell Wells as passengers. While he was stopped at a red light, the victim "tapped" the back of Shipman's car. Shipman got out of his car and approached the victim yelling "why the f___ you hit my girl's car." Shipman cursed the victim and the victim "shrugged it off" and laughed at Shipman. Shipman got back inside his car and drove to a nearby gas station to assess the damage to his car.

At the gas station, Shipman and the victim began arguing about the incident. Shipman told Williams "[the victim] ain't going to play me like this," and that "he's about to show [the victim]." Shipman then walked inside the gas station's convenience store and called his friend "Steve."

A short time later, Shipman left and drove to a second gas station, and the victim followed him there. Shipman noticed Steve parked at the gas station and walked over to meet him. When Shipman walked back, he was carrying a pistol. Shipman and the victim again argued over the damage to Shipman's car. The victim told Shipman, "it ain't nothing, just two little dots," and that he would pay for it. Williams and Wells walked inside the convenience store. When Williams walked out of the store, he noticed Shipman sitting in his car with the window rolled down, arguing with the victim, who was standing just beside the car. When the victim tapped the roof of Shipman's car, Shipman shot him in the stomach and "[kept] on firing." The victim fell to the ground, and Shipman drove away, leaving Williams and Wells to flee on foot.

Shipman testified that during the confrontation at the second gas station, the gun fell on the ground and the victim reached for it, but Shipman grabbed it. Shipman then pointed the gun at the victim and backed up as the victim came toward him, repeating "shoot me, shoot me." In response, Shipman told the victim to "just back up." He stated that while the victim was distracted by Williams and Wells, he walked away and got in his car. Shipman stated further that he had started the car and put the gun in his lap, when the victim walked up, "jumped in at [him]," and "grabbed [him] by [his] shirt." Shipman claims that he then stuck the gun out of the car window and "just started shooting" the victim "because [he] was scared" and worried that the victim would attempt to take the gun from him.

Police recovered seven shell casings and two bullets from the crime scene, and the medical examiner recovered six bullets from the victim's body. A ballistics expert testified that the shell casings and bullets were all fired from the same type of weapon, although the gun used was not recovered.

1. Shipman contends that the trial court erred in failing to instruct the jury on the crime of involuntary manslaughter pursuant to OCGA § 16-5-3 (b). But a charge on involuntary manslaughter is not authorized when, as here, the defendant claims that he was justified in shooting the victim in self-defense. See *Paul v. State*, 274 Ga. 601, 603-604 (3) (a) (555 SE2d 716) (2001) (defendant is guilty of no crime if justified in killing; if not so justified, homicide not within "lawful act" predicate of OCGA § 16-5-3 (b) because jury has of necessity determined act unlawful). The trial court therefore did not err in refusing to give the charge.

2. Shipman complains that the trial court erred in denying his objection to a question posed to him by the State. He contends that the prosecutor improperly bolstered the testimony of Williams by asking Shipman if Williams's testimony was incorrect. Although the trial court overruled Shipman's objection, no improper bolstering occurred because Shipman did not answer and the prosecutor did not repeat the question. As a result, this argument is without merit.

3. Russell Wells's mother testified that Wells came to her sick and vomiting after a sleepless night and confessed to her that he had witnessed a murder. Shipman argues that Wells's out-of-court statement was testimonial in nature and should have been excluded because there was no showing that Wells was unavailable and Shipman did not have a prior opportunity to cross-examine Wells.

The Georgia Supreme Court has held that the term "testimonial" applies "at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." (Citation and punctuation omitted.) *Turner v. State*, 281 Ga. 647, 650-651 (3) (b) (641 SE2d 527) (2007). The statement here, made by Wells privately to his mother, was nontestimonial in nature. See id. at 651 (3). The mother's testimony falls within the necessity exception to the hearsay rule as it is clear from the record that Wells was unavailable; his mother testified that she did not know his whereabouts, and a police investigator testified that Wells was wanted on an active arrest warrant and that he was unable to locate him. Id.; see also *Griffin v. State*, 280 Ga. 683, 684 (1) (631 SE2d 671) (2006) (necessity is satisfied when declarant is unavailable, statement is relevant to a material fact, and statement is more probative of that fact than other evidence offered). Moreover, "[o]ne in whom the declarant placed great confidence and to whom the declarant turned for help with problems may testify to a statement made to the witness by the declarant. [Cit.]" (Citation omitted.) *Brooks v. State*, 281 Ga. 514, 518 (4) (640 SE2d 280) (2007). As that is precisely the situation here, the admission of the statement was not erroneous.

4. Shipman contends that his trial counsel was ineffective in several respects. The record reveals that this is Shipman's first

opportunity to raise an ineffective assistance claim. We must therefore remand this issue to the trial court for an evidentiary hearing and ruling. See *Eason v. State*, 261 Ga. App. 221, 223 (3) (582 SE2d 194) (2003).

*Judgment affirmed and case remanded with direction. Barnes, C. J., and Miller, J., concur.*

DECIDED OCTOBER 30, 2007.

*Mathis & Williams, Tony E. Mathis, Peters, Roberts, Borsuk & Rubin, R. Stephen Roberts, M. Paul Reynolds*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.