## S07A1679. HUNG v. THE STATE.
(653 SE2d 48)

CARLEY, Justice.

Appellant Mac The Hung was tried jointly with co-defendant Thach Le, and a jury found each of them guilty of malice murder and three counts of aggravated assault. The trial court entered judgments of conviction on those verdicts and sentenced Appellant to life imprisonment for murder and consecutive terms of years for the three aggravated assaults. Appellant's motion for new trial was denied. He appealed and subsequently filed a motion for remand on the issue of ineffective assistance of counsel.[*]

1. When construed most strongly in support of the guilty verdicts, the evidence shows the following: The four victims drove into an apartment complex intending to pick up a friend. Two men began shooting into the vehicle. Three of the four occupants were hit, and one of them died. Two of the victims positively identified Le and [Appellant] as the shooters.

---

[*] The crimes occurred on December 17, 2000, and the grand jury returned an indictment on February 13, 2001. The jury found Appellant guilty on November 6, 2001, and the trial court entered judgment on November 9, 2001. The motion for new trial was filed on November 29, 2001 and denied on April 25, 2007. A notice of appeal was filed on April 27, 2007 and amended on May 16, 2007. The case was docketed in this Court on July 20, 2007, and orally argued on October 9, 2007.

*Le v. State*, 276 Ga. 321 (577 SE2d 786) (2003) (affirming convictions of Appellant's co-defendant). This evidence was sufficient to authorize a rational trier of fact to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Le v. State*, supra.

2. In all seven of Appellant's enumerations, he contends that trial counsel rendered ineffective assistance and that Appellant's attorney on motion for new trial was ineffective in failing to preserve the issue.

Current appellate counsel was not appointed until after the motion for new trial was denied and a notice of appeal was filed. The attorney who filed "the motion for new trial . . . was from the same public defender's office as trial counsel." *Shadron v. State*, 275 Ga. 767, 769 (2), fn. 2 (573 SE2d 73) (2002). "[D]ifferent attorneys from the same public defender's office are not to be considered 'new' counsel for the purpose of raising ineffective assistance claims. . . ." *Ryan v. Thomas*, 261 Ga. 661, 662 (409 SE2d 507) (1991). See also *Shadron v. State*, supra. "Thus, it must be concluded that this issue is being raised at the first practicable moment. [Cit.]" *Kirkland v. State*, 271 Ga. 217, 220 (4) (518 SE2d 687) (1999).

Although the Attorney General concedes that a remand is appropriate, the District Attorney asserts, in his response to the motion for remand, that trial counsel was no longer employed by the public defender's office when the motion for new trial was heard and denied. However, the record does not contain any support for that assertion. Moreover, the District Attorney acknowledges that trial counsel continued to work in the public defender's office after the motion for new trial was filed in 2001 until early 2007. Compare *Chatman v. Mancill*, 280 Ga. 253, 255 (1) (626 SE2d 102) (2006). A defendant's right to raise claims of ineffective assistance "may not be barred by the failure of a succession of attorneys from the same public defender's office to raise it." *Ryan v. Thomas*, supra. "Because this appeal was [Appellant's] first opportunity to raise the issue of ineffective assistance of trial counsel, we will remand the case for an evidentiary hearing on that claim. [Cit.]" *Shadron v. State*, supra at 769 (2).

Since the issue of trial counsel's alleged ineffectiveness has not been waived, the question of whether Appellant's attorney on motion for new trial was ineffective for failing to raise that issue is moot. Moreover, such failure cannot be deemed a deficient performance, as "it would not be reasonable to expect one member of a [public defender's office] to assert the ineffectiveness of another member, where one represented a defendant at trial and the other represented him on motion for new trial. . . ." *Ryan v. Thomas*, supra.

*Judgments affirmed and case remanded with direction. All the Justices concur.*

*Brian Steel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Mary N. Kimmey, Assistant Attorney General*, for appellee.