## A08A1546. LOVE v. THE STATE.
### (667 SE2d 656)

SMITH, Presiding Judge.

A jury found Ruben Love guilty of entering an automobile. Love appeals, arguing that the trial court erred in allowing the State to impeach his trial testimony with a 1989 burglary conviction. He also claims that he received ineffective assistance of counsel at trial. For reasons that follow, we affirm Love's conviction, but remand for a hearing on his ineffective assistance claim.

Viewed favorably to the jury's verdict, see *Rabie v. State*, 286 Ga. App. 684 (649 SE2d 868) (2007), the evidence shows that between 8:30 and 9:00 a.m. on November 6, 2006, Michael Kinsey drove down an entrance ramp to Interstate 75 ("I-75") on his way to work. As he approached the interstate, Kinsey noticed a man wearing a long, dark coat standing near a green Oldsmobile parked at the bottom of the on-ramp. The man looked around, then began to strike the car's passenger-side window using a long, dark object with a wooden handle. Kinsey, who was traveling 55 to 60 miles per hour when he passed the man, did not identify the individual at trial.

Kinsey immediately used his cell phone to report the incident to police, and Officer Felicia Henley arrived at the scene a few minutes later. When she approached, she saw Love, wearing a dark coat and carrying a black umbrella with a wooden handle, near the green Oldsmobile. The vehicle's passenger window was broken, and Love held paperwork bearing the name "Christopher Johnson" in his hand. Henley searched Love and also discovered a change purse, a cell phone, a pair of sunglasses, and two "Dave and Buster's" game cards. Love stated that he had found these items on the ground, next to the car.

At some point, Henley observed a Department of Transportation ("DOT") tag on the Oldsmobile, and Antwon Thrash, a HERO unit worker employed by DOT, drove up a short time later. According to Thrash, he had seen the abandoned Oldsmobile earlier that morning, stopped to place a DOT tag on it, and noticed Love standing near the car. Thrash asked Love if the vehicle was his. Love replied, "no," and walked away. Thrash reported the abandoned vehicle to his dispatcher, then left the area. At that point, all of the vehicle's windows

were intact. When Thrash drove by the area again approximately one hour later, he saw Henley and Love.

Christopher Johnson testified that his green Oldsmobile broke down on I-75 in the early morning hours of November 6, 2006. He pulled off the interstate, locked the car, and left, planning to return later that morning. When he returned, however, he could not find his car, and he later learned that the police had impounded it in connection with this case. Johnson identified the papers, change purse, cell phone, sunglasses, and Dave and Buster's cards found on Love as his property, noting that the items had been locked securely in the car when he left it beside the interstate.

Based on the evidence presented, the jury found Love guilty of entering the Oldsmobile with the intent to commit theft. In reaching this verdict, jurors evidently rejected Love's own testimony denying the entry. According to Love, he passed the Oldsmobile two times while walking along I-75. When he saw the vehicle the second time, its window was broken, and he observed several items on the ground by the car. Love testified that he picked up the items shortly before Henley arrived and intended to leave them at a nearby police station.

1. In two claims of error, Love contends that the trial court erred in allowing the State to impeach his testimony with evidence of his 1989 burglary conviction. The record shows, however, that the trial court admitted this evidence only *after* Love testified about his criminal past. On direct examination, defense counsel asked Love whether he had "been in trouble with the law before." Love responded, "Yes, sir. Plenty of times." Love then testified that he had almost completed a 20-year sentence for one of these convictions.

Following the direct examination, the prosecutor sought permission to question Love specifically about his extensive criminal record, including the 1989 burglary conviction that carried the 20-year sentence. The trial court found most of the convictions inadmissible under OCGA § 24-9-84.1, which governs impeachment by a prior conviction. But because Love had testified generally about the 20-year sentence associated with the 1989 burglary, the court found evidence of that crime admissible. On cross-examination, the prosecutor briefly questioned Love about the 1989 incident, establishing that he had been convicted of burglary, had received a 20-year sentence, and had been paroled.

Love argues that his burglary conviction did not meet the admissibility requirements of OCGA § 24-9-84.1 because it was over ten years old and the State failed to prove that he had been represented by counsel during the 1989 proceeding. On his own accord, however, Love informed jurors that he had often been in trouble with the law and was serving a 20-year sentence for a prior conviction. Although he did not identify the nature of that crime, the

jury learned from his direct testimony that he was a convicted felon with a lengthy criminal past, a history that likely influenced jurors' credibility determinations.

Given Love's own testimony, we cannot find that the State's minimal questioning regarding the 1989 conviction harmed Love or impacted the jury's verdict. See *Willis v. State*, 199 Ga. App. 658, 659-660 (2) (405 SE2d 739) (1991) (because appellant testified that he had attended a drug rehabilitation program and had tested positive for cocaine, any error in admitting his pre-trial statement that he used cocaine daily was harmless). Even if the trial court erred in admitting this evidence, therefore, the error does not support reversal. See id. at 660 (2); see also *Brinson v. State*, 268 Ga. 227, 229 (3) (486 SE2d 830) (1997) (erroneous admission of hearsay testimony did not require reversal where "it is highly probable that the error did not contribute to the verdict") (citation omitted); *Powers Ferry Constr. v. Commerce Builders*, 191 Ga. App. 327, 329 (2) (381 SE2d 755) (1989) ("Errors in admission or exclusion of evidence which would in no event alter or affect the outcome of the case are harmless and do not require reversal.") (citation and punctuation omitted).

2. Love also asserts that he received ineffective assistance of counsel at trial. He argues, among other things, that trial counsel should have attempted to exclude his lengthy criminal history from the trial, rather than voluntarily introducing it during the defense's case-in-chief.

The record shows that this is the first opportunity Love has had to raise this claim,[1] and we find that it presents factual issues that should be resolved at the trial court level. Accordingly, we must remand this case to the trial court for an evidentiary hearing on Love's ineffective assistance claim. See *Shipman v. State*, 288 Ga. App. 134, 136-137 (4) (653 SE2d 383) (2007).

*Judgment affirmed on condition and case remanded with direction. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 4, 2008.

*Abbott & Cone, David C. Abbott*, for appellant.

---

[1] Although appellate counsel filed Love's motion for new trial below, counsel was, at that point, employed by the same public defender's office as trial counsel and cannot be viewed as "new counsel" for purposes of an ineffective assistance claim. See *Hung v. State*, 282 Ga. 684, 685 (2) (653 SE2d 48) (2007). Appellate counsel remained with the public defender's office through the denial of the motion for new trial and the filing of the notice of appeal. By the time counsel submitted Love's appellate brief, however, he had entered private practice. No longer a member of trial counsel's office, appellate counsel properly raised the ineffective assistance claim on appeal – the first practicable moment. See id.

YALE LAW LIBRARY

502

*Tommy K. Floyd, District Attorney*, for appellee.