A09A0630. EVERETT v. THE STATE.
(677 SE2d 394)

MILLER, Chief Judge.

Following a jury trial, Ron Everett was convicted of two counts of robbery by force (OCGA § 16-8-40), one count of aggravated assault (OCGA § 16-5-21), one count of kidnapping (OCGA § 16-5-40), and one count of elder abuse (OCGA § 30-5-8). By his sole enumeration of error, Everett appeals from the trial court's denial of his motion for new trial, asserting that his trial counsel was ineffective for failing to object to the admission of a prior conviction which was inadmissible

352

under OCGA § 24-9-84.1 (b). Discerning no error, we affirm.

> In order to show ineffective assistance of counsel, [Everett] must prove that counsel's performance was deficient and that the deficient performance so prejudiced [him] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. We will affirm a trial court's ruling on a claim of ineffective assistance of counsel unless the ruling is clearly erroneous.

(Citation, punctuation and footnotes omitted.) *Hunt v. State*, 275 Ga. App. 599 (621 SE2d 561) (2005).

So viewed, the evidence shows that on the morning of November 24, 2006, 66-year-old Richard Gowen went to work at his business, Ace Cash Express ("Ace"), located in Garden City. As he pulled into the parking lot, he observed Everett wearing a blue shirt at a nearby bus stop. Armed with a gun for protection, Gowen approached the door to his workplace when he sensed that Everett was standing behind him with what felt like a gun in his back. Everett said, "I've got you now," and forced Gowen inside the store. As Gowen unlocked the door, Everett hit him in the back, propelling Gowen across the floor where he struck the wall, knocking Gowen's gun to the floor. As he retrieved Gowen's gun from the floor, Everett stood over Gowen and told him to get up and deactivate the alarm.

Injured and bleeding, Gowen, accompanied by Everett, stood up and used two keypads to enter the back of the store to deactivate the alarm. Everett directed Gowen to the teller area, demanding to know where the money was, stating that he "need[ed] some money." At that time, Gowen observed Everett holding what appeared to be a gun wrapped in a white towel. Demanding to see if there was money in the cash drawers, and seeing that there was none there, Everett demanded the money out of the safe, refusing the $85-$90 in cash that Gowen offered him from his pocket.

When Everett left the store, he was stopped by police and Gowen told the police that Everett just tried to rob him. The police searched Everett and found a remote control in a white handkerchief in his pockets.

Benjamin Griffin testified that as he was walking to work that day, he observed a man in a "blue hoody" standing at the bus stop near Ace. Griffin saw the man run over to Gowen as he entered the business, then wrestle him to the ground inside. The man had a sock in his hand with what appeared to be a gun inside it. Chandra Burke also observed the incident while she was stopped at a red light on the way to work. Burke testified that she called 911 to report what she

believed to be a robbery of an elderly Caucasian man by a man wearing a blue shirt and holding a white cloth.

Testifying on his own behalf, Everett indicated that he was waiting at a bus stop when he observed Gowen enter the business and leave his keys in the door. Everett yelled at Gowen to get his attention, knocked on the door, and attempted to return the keys to him. According to Everett, Gowen accused Everett of trying to rob him, and an argument ensued between them. In his direct testimony, Everett admitted that he had a 1992 conviction for possession of cocaine in Texas, and on cross-examination, the State, without objection, introduced the conviction into evidence. Before Everett took the stand, his trial counsel advised the trial court that he was not asserting an objection under OCGA § 24-9-84.1 (b).

In his sole enumeration of error on appeal, Everett contends that he received ineffective assistance of counsel because his trial counsel failed to object to the introduction of his 1992 conviction. We disagree.

Everett argues that the State failed to comply with OCGA § 24-9-84.1 (b), which provides that evidence of a conviction more than ten years old is not admissible for purposes of impeachment "unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." OCGA § 24-9-84.1 (b). Further, even if notice is given, the conviction will be admitted if "the court determines in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances outweighs its prejudical effect." Id. At the motion for new trial hearing, trial counsel testified that she received a certified copy of the prior conviction in discovery, that she believed that the State's potential to impeach Everett with the prior conviction existed, that Everett wanted to testify "to vindicate himself," and that Everett chose "to be very honest and not hide anything [from the jury]." Trial counsel also testified that "if [Everett] were to open the door with [the prior conviction]," she believed it would be prudent to place the conviction before the jury first.

Given the foregoing, Everett did not receive ineffective assistance due to trial counsel's failure to object to admission of the 1992 Texas conviction where Everett, in consultation with his counsel, had decided that a "put it all out there" defense was a reasonable strategic decision. See *Wilson v. State*, 291 Ga. App. 69, 74 (4) (b) (661 SE2d 221) (2008) (where trial counsel believed that the State would prevail on admission of two over-age burglary convictions, trial strategy to admit the 12- and 13-year-old burglary convictions through Wilson's direct testimony, "rather than risk having the

information extracted from him on cross-examination," was reasonable and did not constitute ineffective assistance) (citations omitted); *Crawford v. State*, 252 Ga. App. 722, 725 (3) (556 SE2d 888) (2001) (counsel's fear that talkative defendant would "open the door" for prosecution provided reasonable strategic basis for putting defendant's past crimes into evidence on direct examination).

Assuming arguendo that trial counsel was deficient in failing to object to the conviction, we find that Everett has failed to carry his burden to prove the prejudice prong of his ineffective assistance claim. *Hunt*, supra, 275 Ga. App. 599. Given the overwhelming evidence of Everett's guilt, including the victim's testimony and the other witnesses' account of Everett striking the victim outside the business while wielding what appeared to be a gun, Everett failed to show that there is a reasonable probability that the outcome of the trial would have been different but for trial counsel's omission. *Rouse v. State*, 295 Ga. App. 61, 65 (2) (670 SE2d 869) (2008). See also *Moore v. State*, 242 Ga. App. 249, 250-251 (1) (a) (529 SE2d 381) (2000) (trial counsel's failure to object to certified copy of prior conviction did not prejudice defendant given overwhelming evidence of guilt including victim's account of armed robbery and recovery of stolen items and clothes worn by defendant on the day of the robbery from his car).

For the reasons set forth above, we affirm the trial court's order denying Everett's motion for new trial upon his claim of ineffective assistance of trial counsel.

*Judgment affirmed. Andrews, P. J.; and Barnes, J., concur.*

DECIDED APRIL 6, 2009.

*Jennifer R. Burns*, for appellant.
*Spencer Lawton, Jr., District Attorney, Margaret E. Heap, Assistant District Attorney*, for appellee.

