## A10A1059. LOVE v. THE STATE.
(699 SE2d 872)

BARNES, Presiding Judge.

This case is before us for a second time. In *Love v. State*, 293 Ga. App. 499 (667 SE2d 656) (2008), we affirmed Reuben Love's conviction for entering an automobile with intent to commit theft, but remanded the case for a hearing on his ineffective assistance of counsel claim. The trial court denied the claim on remand, and Love appeals. For reasons that follow, we affirm.

To establish ineffective assistance of counsel, a defendant must prove that trial counsel's performance was deficient and that the deficiency so prejudiced him that, but for counsel's errors, the outcome of the trial likely would have been different. See *Everett v. State*, 297 Ga. App. 351 (677 SE2d 394) (2009). The denial of an ineffective assistance claim will be affirmed on appeal unless the ruling is clearly erroneous. Id. We find no error here.

The record shows that Love testified on his own behalf at trial. During the testimony, defense counsel elicited from Love an admission that he had "been in trouble with the law" on plenty of occasions, but had "paid for those crimes." Based on the admission, the trial court permitted the State to question Love about a specific 1989 burglary conviction. Love now claims that trial counsel was ineffective in eliciting testimony about his prior criminal history. According to Love, evidence of his criminal past was inadmissible because the State did not have certified copies of his convictions. He thus argues that trial counsel should not have introduced the evidence, which undermined his credibility at trial.

In resolving Love's claim, the trial court assumed that counsel was deficient in introducing the criminal history evidence. It concluded, however, that given the overwhelming evidence against him, Love could not demonstrate the prejudice needed to establish ineffective assistance. We agree. The evidence showed that a motorist on I-75 saw a man wearing a long, dark coat strike the passenger window of a car parked off the roadway using a dark object with a wooden handle. The motorist immediately reported the incident, and a police officer arrived at the parked vehicle a few minutes later. At the scene, the officer found Love, who was wearing a dark coat and carrying a black umbrella with a wooden handle. The vehicle's passenger window was broken, and a search of Love produced items belonging to the car's owner. The owner testified that the items

found on Love were safely locked inside his car when he left the vehicle on the side of the road the night before. See *Love*, supra, 293 Ga. App. at 499-500.

As noted by the trial court, Love "was caught red-handed at the scene of the crime." Although he denied breaking into the car, claiming that he found the owner's belongings along the roadway and intended to turn them over to police, nothing corroborated this claim. Moreover, it conflicted with the testimony of other witnesses, particularly the disinterested motorist who saw a man fitting Love's description strike the car's passenger window. In light of the significant evidence against Love, the trial court was authorized to conclude that the alleged deficiency in trial counsel's performance did not prejudice the defense. Simply put, no reasonable probability exists that the outcome of the trial would have been different had the jury not known about Love's criminal past. See *Everett*, supra at 354. The trial court, therefore, properly denied the ineffective assistance claim. See id.; see also *Moore v. State*, 242 Ga. App. 249, 250 (1) (a) (529 SE2d 381) (2000) (admission of other crimes evidence may be harmless).

*Judgment affirmed. Andrews, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED AUGUST 12, 2010.

*Joseph S. Key*, for appellant.
*Tommy K. Floyd, District Attorney, Alicia C. Gant, Assistant District Attorney*, for appellee.

