In the Supreme Court of Georgia

Decided:   September 22, 2014

S14A0837. DELOATCH v. THE STATE.

BLACKWELL, Justice.

Donald Deloatch was tried by a Fulton County jury and convicted of the murder of Jermaine Bowlds. Deloatch appeals, contending only that he was denied the effective assistance of counsel. We find no merit in this contention, and we affirm.[1]

1. Viewed in the light most favorable to the verdict, the evidence shows that Bowlds was in the business of selling marijuana, and Deloatch was his customer. On December 5, 2005, Bowlds was carrying approximately $1,000,

[1] Bowlds was killed on December 5, 2005. Deloatch was indicted on May 3, 2011, and he was charged with malice murder, felony murder predicated on aggravated assault, and felony murder predicated on possession of a firearm by a convicted felon. His trial began on October 17, 2011, and the jury returned its verdict three days later, finding Deloatch guilty on all counts. The trial court sentenced Deloatch to a term of imprisonment for life for malice murder, and the verdicts as to felony murder were vacated by operation of law. See Malcolm v. State, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993). Deloatch timely filed a motion for new trial on November 1, 2011, and he amended the motion on January 7, 2013. The trial court denied the motion on September 10, 2013, and Deloatch timely filed a notice of appeal on October 8, 2013. The case was docketed in this Court for the April 2014 term and submitted for decision on the briefs.

and he told Terry Turner — an acquaintance of both Bowlds and Deloatch — that he planned to speak later with Deloatch about giving up the distribution of marijuana and dealing in cocaine instead. That evening, around 10:45 p.m., Bowlds left the apartment that he and his girlfriend shared, telling her that he would return shortly. About twenty minutes later, his body was discovered on Ono Road, near its intersection with Wilkerson Mill Road, just outside the City of Palmetto. Bowlds had been shot in the face at close range. His car was found — with a shattered window and blood spatter on the driver's seat — in the parking lot of the Pinegrove Apartments in Palmetto. The money that Bowlds had been carrying earlier in the day was not found on his body or in his car.

Just before Bowlds was killed, Deloatch (or someone using his phone) exchanged several calls with Bowlds. Cellular telephone records showed that Deloatch (or someone else with his phone) was in the same area as Bowlds around the time Bowlds was killed. Bowlds's empty wallet was found along a path that led from the Pinegrove Apartments to Deloatch's home. When investigators first spoke with Deloatch, he said that Bowlds had visited him at his home on the evening of December 5. According to Deloatch, he purchased marijuana from Bowlds, did not have a cell phone with him, and went to bed

2

without leaving his home that night. He later admitted, however, that — on the night of December 5 — he had left his home to visit his girlfriend, and he did, in fact, have a cell phone.

Sometime in 2006, Deloatch drove past the intersection of Ono Road and Wilkerson Mill Road, accompanied by Thomas Drake. According to Drake, as they passed the intersection, Deloatch said that it was the location at which "he got somebody . . . by the name of Jamal or somebody with some drugs or money one time." Deloatch added that he had "got[ten] away with it," Drake said.

Deloatch does not dispute that the evidence is sufficient to sustain his conviction. Nevertheless, consistent with our usual practice in murder cases, we have reviewed the evidence and considered its legal sufficiency. We now conclude that the evidence adduced at trial was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Deloatch was guilty of the crime of which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. In his sole enumeration of error, Deloatch claims that he was denied the effective assistance of counsel. To prevail on a claim of ineffective assistance, Deloatch must prove both that the performance of his lawyer was deficient and

3

that he was prejudiced by this deficient performance. Strickland v. Washington, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To prove that the performance of his lawyer was deficient, Deloatch must prove that she performed her duties at trial in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms. Id. at 687–688 (III) (A). See also Kimmelman v. Morrison, 477 U. S. 365, 381 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986). And to prove that he was prejudiced by the performance of his lawyer, Deloatch must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U. S. at 694 (III) (B). See also Williams v. Taylor, 529 U. S. 362, 391 (III) (120 SCt 1495, 146 LE2d 389) (2000). This burden is a heavy one. See Kimmelman, 477 U. S. at 382 (II) (C). We conclude that Deloatch has failed to carry his burden.

Deloatch contends on appeal that his trial counsel was ineffective in several respects. Trial counsel failed to conduct an adequate investigation, Deloatch says, insofar as trial counsel failed to discover two witnesses who could have testified that Drake had falsely implicated Deloatch in some

4

robberies, failed to investigate immunity that had been offered to Drake in a Coweta County case, and failed to look into statements made by Turner to investigators that might have been helpful to the defense. Deloatch also says that his trial counsel stipulating at trial that he previously had been convicted of attempted robbery in North Carolina was ineffective. But with one exception, these claims were not timely presented to the trial court by motion for new trial, and the trial court never ruled on them.[2] As such, Deloatch has failed to preserve such claims for appellate review. See Lynch v. State, 280 Ga. 887, 890 (3) (635 SE2d 140) (2006) ("[c]ontentions of ineffectiveness not raised on motion for new trial by counsel appointed . . . after conviction are waived").

The one exception is the claim that trial counsel failed to discover two witnesses who could have testified, Deloatch says, that Drake had falsely

---

[2] After the trial court denied the motion for new trial, Deloatch belatedly tried to assert the claims about immunity offered to Drake and the statements made by Turner in a motion for reconsideration. The trial court, however, never ruled on that motion. The time for asserting such claims was at or before the hearing on the motion for new trial, see Harden v. State, 278 Ga. 40 (2) (597 SE2d 380) (2004), at which Deloatch was represented by a lawyer employed in a public defender's office other than the one that represented Deloatch at trial. Cf. Hung v. State, 282 Ga. 684, 685 (2) (653 SE2d 48) (2007) ("[a] defendant's right to raise claims of ineffective assistance may not be barred by the failure of a succession of attorneys from the same public defender's office to raise [such claims]"). At no time in the trial court — even in the belated motion for reconsideration — did Deloatch complain about the stipulation.

implicated Deloatch in some robberies. This claim was timely presented to the trial court at the hearing on the motion for new trial, and the trial court ruled on it. The problem with this claim, however, is that Deloatch failed to elicit any testimony from the two witnesses that, he says, his trial counsel should have found. Even if trial counsel had gone looking for these witnesses, there is no evidence whatsoever that trial counsel could have found them, that they would have been available to testify at trial, or that they would have testified as Deloatch claims. In the absence of such proof, Deloatch has failed to carry his burden to prove ineffective assistance. See Jones v. State, 292 Ga. 593, 599-600 (7) (c) (740 SE2d 147) (2013).

Judgment affirmed. All the Justices concur.