**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 14, 2015**

# In the Court of Appeals of Georgia

A15A0601. CALLOWAY v. THE STATE.

McFADDEN, Judge.

On appeal from his convictions for aggravated assault and robbery by force, Ernest Calloway argues that he received ineffective assistance of trial counsel in several respects. But Calloway did not challenge his trial counsel's ineffectiveness in a motion for new trial. The record contains only an initial motion for new trial, filed by Calloway's trial counsel, that did not allege ineffective assistance. In fact, trial counsel was not permitted to allege his own ineffectiveness in that motion. See *Hood v. State*, 282 Ga. 462, 463 (651 SE2d 88) (2007). Although Calloway obtained new post-conviction counsel more than a year before the trial court ruled on the motion for new trial, Calloway did not amend the motion to add a claim for ineffective assistance.

"[T]he rule that an ineffectiveness claim must be raised at the earliest practicable moment requires that the claim be raised *before appeal* if the opportunity to do so is available[.]" *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996) (citations and punctuation omitted; emphasis in original). Calloway did not raise his claim of ineffectiveness at the earliest practicable moment, when he obtained new post-conviction counsel. Consequently, he did not preserve that claim for appellate review. See *Deloatch v. State*, 295 Ga. 681, 683 (2) (763 SE2d 480) (2014); *Glover*, 266 Ga. at 184 (2). Because ineffective assistance of trial counsel is the only error Calloway has enumerated on appeal, we affirm.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*