A08A0544. OSBORNE v. THE STATE.
(662 SE2d 792)

ANDREWS, Judge.

John Opie Osborne appeals from the judgment of conviction entered on jury verdicts finding him guilty of committing the offenses of rape, aggravated sexual battery, and two counts of child molestation, all against his seven-year-old daughter.[1] For the following reasons, we affirm.

1. Osborne claims that the evidence was insufficient to support the guilty verdicts.

The State charged that Osborne raped the child (Count 1); that he molested the child by touching, rubbing, and fondling the child's vaginal area (Count 3), and by having the child touch his penis (Count 4), and that he committed aggravated sexual battery by penetrating the child's sexual organ with his finger (Count 5). On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict. *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). Viewed in this light, the State presented the following evidence in support of the charged offenses. The child, age nine at the time of the trial, testified that Osborne touched her vagina with his hand, and that, at Osborne's insistence, she touched his penis with her hand. A Cobb County police detective testified that he interviewed the child and that she told him Osborne touched her on her vagina with his hands, fingers, and penis, and that Osborne asked her to touch his penis. Another Cobb County detective, who

---

[1] The jury also found Osborne guilty of the offense of incest (Count 2) for raping his minor daughter. OCGA § 16-6-22. The trial court merged the incest conviction into the rape conviction.

conducted a videotaped interview with the child, testified that the child told her that she had sex with Osborne on multiple occasions. The State introduced the videotaped interview into evidence showing the child tell the detective that Osborne pulled her pants down and put his penis inside her vagina; that Osborne made her rub his penis with her hand, and that Osborne put his hand under her clothes, where he touched her vagina and put his hand inside her vagina. The child's mother testified that the child told her that Osborne touched her on her private part; that Osborne made her touch him on his private part, and that Osborne tried to enter her private part and it hurt and she heard something pop. The child's mother also testified that Osborne admitted to her that he molested the child while he and the child were lying in bed together. The child's grandmother (Osborne's mother) testified that the child told her that Osborne touched her on her private part and made her touch him on his private part. The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Osborne was guilty of the charged offenses. OCGA §§ 16-6-1 (a) (2); 16-6-4 (a); 16-6-22.2; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Osborne contends that the trial court erred by ruling that evidence of the child's prior sexual behavior was barred by OCGA § 24-2-3, commonly referred to as the Rape Shield Statute.

The provisions of OCGA § 24-2-3 apply not only in prosecutions for rape under OCGA § 16-6-1 (as charged in the present case), but also in prosecutions for aggravated sodomy under OCGA § 16-6-2; aggravated child molestation under OCGA § 16-6-4, and aggravated sexual battery under OCGA § 16-6-22.2 (as also charged in the present case).[2] Under OCGA § 24-2-3, no evidence is admissible relating to the complaining witness' past sexual behavior unless certain exceptions in the statute apply when the consent of the victim is an issue. *Brown v. State*, 225 Ga. App. 49, 51 (483 SE2d 318) (1997). Because the complaining witness in the present case was a seven-year-old girl with no legal capacity to consent, the statutory exceptions do not apply.[3] Id. Nevertheless, the rule in OCGA § 24-2-3 prohibiting evidence relating to a complaining witness' past sexual behavior does not prohibit the defense from introducing evidence that the witness made prior false allegations of sexual misconduct by

---

[2] "[L]ogic and the intent of the act show that it should be equally applicable in statutory rape cases. . . ." *Barnes v. State*, 244 Ga. 302, 306 (260 SE2d 40) (1979).

[3] In its 1999 amendment to the definition of rape in OCGA § 16-6-1 (a) (2), the General Assembly reestablished the common law rule that allegedly consensual sexual intercourse with a female under ten years of age is a forcible act constituting rape as a matter of law. *State v. Collins*, 270 Ga. 42, 45-46 (508 SE2d 390) (1998).

persons other than the defendant. *Smith v. State*, 259 Ga. 135, 136-137 (377 SE2d 158) (1989). The court in *Smith* reasoned that evidence of such prior false allegations does not involve the complaining witness' past sexual behavior but rather the witness' propensity to make false statements about sexual misconduct. Id. at 137. Accordingly, the evidence is admissible to attack the credibility of the witness and as substantive evidence tending to prove that the charged offense did not occur. Id. But to protect the complaining witness from unfounded allegations that the witness has made similar false allegations in the past, before such evidence can be admitted, the trial court is required to make a threshold determination outside the jury's presence that a reasonable probability of falsity exists. Id. at 137-138.

Osborne claimed that the child made prior false allegations of sexual misconduct by other persons on three occasions. In the first occasion, Osborne asserted a vague claim unsupported by any evidence that, when the child was two years old, she may have made some unspecified allegation against an uncle against whom no charges were brought. In the second occasion, evidence showed that, based on the six-year-old child's allegations of sexual misconduct, charges were brought against a cousin who eventually entered a guilty plea. The third occasion involved the six or seven-year-old child's claim that another minor improperly touched her. Police investigated this incident, determined that the alleged touching had occurred, but that no crime had been committed. We find no error in the trial court's pre-trial determination that Osborne failed to establish with reasonable probability that the child made prior false allegations of sexual misconduct by other persons. Accordingly, the trial court correctly excluded this evidence.[4]

3. Osborne contends that, over his objection, the trial court erroneously allowed an expert witness for the State to comment on the credibility of and bolster the child's testimony. "[T]he credibility of a witness is a matter for the jury, and a witness' credibility may not be bolstered by the opinion of another witness as to whether the witness is telling the truth." (Citation and punctuation omitted.) *Freeman v. State*, 282 Ga. App. 185, 188 (638 SE2d 358) (2006). While an expert witness may not give an opinion that directly addresses the ultimate issue to be decided by the jury in a sexual

---

[4] Because the State did not introduce medical evidence to prove the child had been molested nor evidence that the child displayed symptoms of the child abuse accommodation syndrome, this case does not involve claims that evidence related to the child's sexual history was relevant to show that the child's medical or behavioral symptoms were caused by someone other than the defendant. *Rocha v. State*, 248 Ga. App. 53, 55 (545 SE2d 173) (2001); *Burris v. State*, 204 Ga. App. 806, 809-810 (420 SE2d 582) (1992).

abuse case — whether a child is telling the truth about the alleged sexual abuse — the expert may express an opinion based on training and experience that the child displayed reactions to questions or manifested traits that were consistent with the child having been abused. Id.; *Brownlow v. State*, 248 Ga. App. 366, 368 (544 SE2d 472) (2001).

The State presented testimony from an expert in forensic interviews and evaluations related to child sexual abuse. On cross-examination of the expert, defense counsel raised the issue of whether the child's apparent singsong manner of responding during the videotaped interview was unusual and a sign that the child was repeating what she had learned from others. On re-direct, the prosecutor asked the expert if the child's singsong manner was consistent with the child's responses having been coached. Over Osborne's objection, the trial court allowed the expert to testify that the child's manner of responding during the interview showed signs of spontaneity and detail that were not consistent with being coached. Because this testimony did not impermissibly address the ultimate issue before the jury or bolster the child's credibility, we find no error.

4. Osborne claims that the trial court erred by refusing to allow him to question the child's mother as to whether she told the child's paternal grandparents (with whom Osborne and the child resided at the time of the alleged sexual abuse) that she wanted to use the child as a dependent to obtain food stamps and for tax purposes. Osborne claims that this improperly curtailed his cross-examination of the mother on the issue of her credibility and whether she coached the child to lie about the alleged abuse to gain custody. The record shows that defense counsel extensively cross-examined the child's mother (Osborne's former wife) about her divorce from Osborne; that Osborne had custody of the child; that she did not get along with Osborne; that they constantly battled over her right to visitation with the child; that she contacted police to enforce visitation and to complain that the child was being physically abused; and that she failed to pay court-ordered child support for the child. The record shows that Osborne was given wide latitude to cross-examine the child's mother with respect to her credibility and whether she had a motive to fabricate the allegations against him. In disallowing the above questions, the trial court acted within its discretion to control the scope of cross-examination by excluding questions of doubtful relevance that were cumulative of prior questions. *Moore v. State*, 251 Ga. 499, 501-502 (307 SE2d 476) (1983).

5. Osborne claims the trial court abused its discretion by refusing to allow him to introduce into evidence a juvenile court document showing that, after Osborne was arrested on the present

charges and the child was placed in the temporary custody of the child's paternal grandparents, the child's mother filed an action in juvenile court seeking custody of the child from the grandparents. Although the trial court excluded the document, the court allowed Osborne to question the child's mother to show that she filed the action in juvenile court seeking custody of the child and that, as a result, she was awarded custody of the child. Pretermitting whether the document had some relevance and should have been admitted, any error was harmless where the facts at issue were admitted by examining the witness about the document. *Buford v. Benton*, 232 Ga. App. 102, 103 (501 SE2d 272) (1998).

6. Osborne claims that the trial court erred by denying his motion for a new trial based on the claim that his trial counsel rendered ineffective assistance.

> To obtain reversal of a conviction based on a claim of ineffective assistance of trial counsel, a defendant has the burden of proving that counsel's performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In addressing the claim, a court must measure counsel's performance against an objective standard of reasonableness in light of all the circumstances and apply the strong presumption that all of counsel's significant decisions were made in the exercise of reasonable professional judgment. Id.; *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). The trial court's finding that a defendant was afforded effective assistance of counsel must be upheld on appeal unless clearly erroneous. *Williams v. State*, 214 Ga. App. 106 (446 SE2d 789) (1994).

*Mayfield v. State*, 276 Ga. App. 544, 546 (623 SE2d 725) (2005).

During closing argument, the prosecutor drew the jury's attention to testimony given by the child that she sometimes slept in the bed with her father, Osborne, because she was afraid of the dark, and "there were monsters in my closet." The prosecutor then argued that the real monster was Osborne. Osborne contends that his trial counsel was ineffective for failing to object to this argument because the prosecutor knew that the child had been previously molested by someone other than Osborne, and that the child's fear of monsters may have been caused by the prior molestation. There is no merit in this contention. We find no error in the prosecutor's use of this argument for dramatic or other effect. See *Berryhill v. State*, 235 Ga. 549, 552 (221 SE2d 185) (1975). It follows that trial counsel was not ineffective for failing to object.

Osborne claims that trial counsel was ineffective for failing to object to the trial court's refusal to allow him to introduce into evidence the juvenile court document discussed in Division 5, supra. As we held in Division 5, supra, even if the document should have been admitted, any error was harmless because the facts at issue were admitted during trial counsel's subsequent examination of the witness about the document. It follows that, even if trial counsel's failure to object was deficient performance, Osborne failed to prove an ineffective assistance claim requiring reversal because there was no reasonable probability that, but for the deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. at 668.

Finally, Osborne claims that trial counsel was ineffective for failing to object to the prosecutor's argument in closing that the child's ability to give specific details regarding the sexual abuse made her more believable. The prosecutor did not err by arguing that the jury could logically conclude that the child's detailed memory of the sexual abuse made her testimony more believable. Accordingly, trial counsel was not ineffective for failing to object. *Strickland v. Washington*, 466 U. S. at 668.

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED MAY 29, 2008 

*James W. Gibert*, for appellant.

*Patrick H. Head, District Attorney, Eleanor A. Dixon, John R. Edwards, Assistant District Attorneys*, for appellee.