## A08A1123. STILLWELL v. THE STATE.
### (670 SE2d 452)

JOHNSON, Presiding Judge.

A jury found Arley Stillwell, Jr., guilty of aggravated child molestation and two counts of child molestation. Stillwell appeals, challenging the sufficiency of the evidence. He also argues that the trial court erred in rejecting his ineffective assistance of counsel claim. For reasons that follow, we affirm.

1. In reviewing Stillwell's sufficiency challenge, we construe the evidence favorably to the jury's verdict, and Stillwell no longer enjoys a presumption of innocence.[1] We neither weigh the evidence nor resolve issues of witness credibility, but merely determine whether the jury was authorized to find Stillwell guilty beyond a reasonable doubt.[2]

So viewed, the evidence shows that Stillwell became romantically involved with the victim's mother, Cheryl, in 1998, when the victim was four or five months old. Stillwell and Cheryl married several years later, and they remained together until August 2003, when Cheryl was killed in a car wreck. Immediately following her mother's death, the victim was placed in the custody of her maternal grandmother.

In January 2005, the victim, who was then six years old, informed her grandmother that Stillwell had done "really bad things" to her and made her touch "his privates." The victim explained that she had not told anyone about the abuse because she was afraid Stillwell would beat her. The grandmother sought advice from James Wilbanks, the family's attorney, who spoke with the

---

[1] *Berman v. State*, 279 Ga. App. 867, 867-868 (1) (632 SE2d 757) (2006).
[2] Id. at 868 (1).

victim to assess "what steps to take." During that conversation, the victim told Wilbanks that Stillwell had opened his pants and told her "to rub him." After this disclosure, Wilbanks immediately reported the outcry to authorities.

A short time later, a child forensic interviewer met with the victim. Brett Morrison, a detective with the Murray County Sheriff's Office, observed the interview from an adjacent room via a live video feed. The victim told the interviewer that Stillwell had showed her his "thing" and made her rub it on several different occasions. On another occasion, he instructed her to put her mouth on his "thing." When she took her mouth off, "white stuff" came out and splattered on her face.

After the interview, the victim made another outcry to the grandmother, describing an incident in which Stillwell disrobed, placed his penis in her mouth, and "told her to lick it." At trial, the victim confirmed that Stillwell had made her rub his "thing" several times before her mother's death and one time shortly after the death. She further testified that, at one point, he touched her mouth with his "thing" and "white stuff" came out on her face.

Given this and other evidence, the jury was authorized to find Stillwell guilty of (1) child molestation by exposing himself and having the victim touch his penis, (2) child molestation by ejaculating on the victim's face, and (3) aggravated child molestation by placing his penis in the victim's mouth.[3] Although Stillwell questions the victim's testimony, asserts that she contradicted herself on numerous occasions, and argues that her outcry "was made under very suspicious circumstances," any discrepancies in the evidence presented issues for the jury, not this Court, to resolve.[4]

2. Stillwell asserts that he received ineffective assistance of counsel at trial. To succeed in this claim, he must demonstrate that counsel's performance was deficient and that, but for the deficiency, there is a reasonable probability the outcome of the trial would have been different.[5] The trial court rejected Stillwell's ineffective assistance claim following a hearing, and we will not reverse that ruling absent clear error.[6] As discussed below, no such error occurred.

(a) Stillwell first argues that trial counsel should have objected to testimony from Wilbanks that bolstered the victim's credibility. In

[3] See id. at 869 (1); *Boynton v. State*, 287 Ga. App. 778, 779 (1) (653 SE2d 110) (2007) (victim's testimony alone may support a conviction); OCGA §§ 16-6-4 (a) (defining child molestation); 16-6-4 (c) (defining aggravated child molestation).

[4] *Berman*, supra.

[5] *Evans v. State*, 288 Ga. App. 103, 107 (3) (653 SE2d 520) (2007); *Forde v. State*, 289 Ga. App. 805, 807 (1) (658 SE2d 410) (2008).

[6] *Evans*, supra.

Georgia, "the credibility of a witness is to be determined by the jury, and the credibility of a victim may not be bolstered by the testimony of another witness."[7] Thus, a witness may not give an opinion as to whether the victim is telling the truth.[8]

On appeal, Stillwell points to several statements by Wilbanks that, he contends, bolstered the victim. For example, Wilbanks testified that he had "heard enough" when the victim first disclosed the abuse to him and that he wanted to have her interviewed by authorities as quickly as possible. This testimony, however, related to Wilbanks' decision to contact authorities and his desire to obtain help for the victim. He never connected his statements to the victim's veracity.

Stillwell also complains about Wilbanks' testimony that, even before the outcry, he did not believe Stillwell was fit to serve as a fiduciary for Cheryl's estate or to represent the victim in this capacity. Wilbanks further testified: "The disclosure was just the straw that broke the camel's back, that I knew then that whatever I had to do to address this issue, that's what I was going to do on behalf of my clients." Although these statements certainly expressed suspicion about Stillwell and his motivations, they did not comment on the *victim's* credibility. We similarly find no merit in Stillwell's claim that Wilbanks bolstered the victim by stating that he did not see any evidence that she had been coached. As we have previously found, such testimony does "not impermissibly address the ultimate issue before the jury or bolster the child's credibility."[9]

Stillwell has not demonstrated that Wilbanks bolstered the victim's credibility. Trial counsel, therefore, was not ineffective in failing to object on this ground.[10]

(b) Next, Stillwell argues that trial counsel responded inadequately when Wilbanks vaguely referenced Stillwell's "criminal background" while discussing his fitness as a fiduciary for Cheryl's estate. Trial counsel objected to the reference, and the trial court sustained the objection. Stillwell argues, however, that counsel should have asked for a curative instruction or mistrial.

At the hearing on Stillwell's motion for new trial, trial counsel testified that he decided, as a matter of strategy, not to request further relief because he did not want to draw any more attention to

---

[7] Id. at 109 (3) (c).

[8] *Osborne v. State*, 291 Ga. App. 711, 713 (3) (662 SE2d 792) (2008).

[9] Id. at 714 (3). See also *Anthony v. State*, 282 Ga. App. 457, 459 (2) (638 SE2d 877) (2006) (officer's testimony that victim exhibited no signs of deception during interview did not constitute bolstering).

[10] See *Shaffer v. State*, 291 Ga. App. 783, 785 (1) (662 SE2d 864) (2008) (failure to make meritless objection does not constitute ineffective assistance).

the vague statement about Stillwell's background. This strategic decision was not unreasonable, and matters of reasonable trial strategy do not amount to ineffective assistance.[11]

(c) During the state's case-in-chief, the prosecutor called Cheryl's father — with whom Stillwell, Cheryl, and the victim lived shortly before Cheryl's death — as a witness. Trial counsel cross-examined the father and established that the defense had requested him to appear at the trial. On re-direct examination, the prosecutor asked whether the defense had decided not to call the father as a witness, and the father replied, "[r]ight." Stillwell claims that trial counsel should have objected or moved for a mistrial following this exchange.

Immediately after the exchange, however, the trial court interjected: "Counsel . . . the jury needs to understand that the defendant has no right to call the witness until the conclusion of the state's evidence." Trial counsel testified that the prosecutor's question was "ludicrous" because the defense had not yet had an opportunity to call witnesses — a point the trial court made to the jury. Stillwell argues, however, that trial counsel should have asked the trial court to instruct jurors that a defendant is *never* obligated to call witnesses.

We find no ineffective assistance. The testimony at issue had little — if any — relevance to the facts in the case. And the trial court instructed jurors at the close of evidence that the defendant has no burden of proof. Given the trial court's statement immediately following the testimony, as well as its final charge regarding the burden of proof, there is no likelihood that the testimony impacted the verdict. Trial counsel's failure to request additional relief does not require reversal.[12]

(d) Stillwell argues that trial counsel should have presented additional witnesses and medical evidence to support his defense. At the hearing on his motion for new trial, however, Stillwell did not present testimony from these alleged witnesses, proffer the medical evidence, or offer any proof that the additional evidence would have been relevant or favorable to his defense. Accordingly, he has not shown the prejudice necessary to support this claim.[13]

---

[11] See *Aleman v. State*, 227 Ga. App. 607, 612-613 (3) (d) (489 SE2d 867) (1997); see also *Evans*, supra at 107 (3) (trial strategy and tactics do not constitute ineffective assistance of counsel).

[12] See *Williams v. State*, 273 Ga. App. 321, 323 (615 SE2d 160) (2005) (no ineffective assistance where defendant failed to establish reasonable probability that outcome of trial would have been different had trial counsel requested particular jury instruction).

[13] See *Herrington v. State*, 285 Ga. App. 4, 5-6 (a)-(c) (645 SE2d 29) (2007).

(e) Stillwell also claims that trial counsel should have objected to evidence that the victim told a babysitter in 2002 that he had touched her vagina — conduct not charged in the indictment. According to Stillwell, the testimony was inadmissible because the state failed to notify the defense that it intended to present "similar transaction" evidence. But proof of prior difficulties between the defendant and victim — including prior acts of molestation — is admissible without notice or a hearing.[14] Trial counsel, therefore, was not deficient in this regard.[15]

(f) In the indictment, the state alleged that Stillwell committed each offense "on or before the 3rd day of February, 2005." Trial counsel filed a special demurrer before trial based on the state's failure to allege a specific date for the crimes. After reviewing the victim's videotaped statement, however, trial counsel determined that "it was not possible to narrow" the time frame, and he did not pursue the special demurrer. Stillwell now questions that decision.

Generally, an indictment that fails to allege a specific date for the crime is subject to a timely special demurrer.[16] "But where the evidence does not permit the state to identify a single date on which an offense occurred, the indictment may allege instead that the offense occurred between two particular dates."[17] Moreover, if the exact date is not a material allegation, the crime may be proved as of any time within the statute of limitation.[18]

We recognize that the state did not allege a specific date or date range in Stillwell's indictment. Stillwell, however, has not shown that the state could have identified a specific date. He also has not demonstrated that the absence of a date range affected his ability to present a defense. Trial counsel testified that he had full access to the prosecutor's case file and was able to review the victim's videotaped statement several times. Based on his investigation, counsel knew the dates "could not be narrowed down in a manner that was beneficial to" the defense.

Simply put, Stillwell has offered no evidence that the state could have identified a specific date or that the form of the indictment impaired his defense. Moreover, even if counsel had successfully quashed the indictment, the state could have simply re-indicted Stillwell, adding an appropriate date range.[19] We fail to see how trial

---

[14] *Williams v. State*, 290 Ga. App. 841, 846 (4) (e) (660 SE2d 740) (2008).

[15] See id.

[16] *Stroud v. State*, 284 Ga. App. 604, 609 (3) (a) (644 SE2d 467) (2007).

[17] (Citation omitted.) Id.

[18] Id.

[19] See *Bowden v. State*, 279 Ga. App. 173, 177 (2) (630 SE2d 792) (2006).

counsel's failure to pursue the special demurrer impacted the outcome of the trial.[20]

(g) Finally, Stillwell argues that trial counsel was deficient in failing to object to the admissibility of the victim's videotaped statement to the forensic interviewer. The record shows that the interviewer was not present at trial. Nevertheless, trial counsel stipulated to the interview's admissibility under the child hearsay statute because, in his view, Detective Morrison was available to authenticate it.

Pretermitting whether trial counsel performed deficiently in failing to object, Stillwell has not shown that any deficiency prejudiced him. The victim's interview statements were cumulative of her trial testimony, as well as the grandmother's testimony regarding her outcry, and trial counsel cross-examined both the victim and grandmother. Given the other evidence in the record, we find no reasonable likelihood that introduction of the taped interview impacted the verdict.[21]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 6, 2008 —
RECONSIDERATION DENIED NOVEMBER 25, 2008 — 

*James K. Luttrell, Gregory A. Hicks,* for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney,* for appellee.

---

[20] *Stroud,* supra at 610 (3) (a). See also *Berman,* supra at 872 (6); *Bowden,* supra at 177 (2) (because defendant can be re-indicted after grant of special demurrer, failure to file special demurrer generally will not support ineffective assistance finding).

[21] See *Forde,* supra at 809 (1) (although trial counsel was deficient in failing to object to admission of child victim's videotaped interview, deficiency was harmless because interview was merely cumulative of victim's trial testimony).