**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 23, 2016**

# In the Court of Appeals of Georgia

A15A2315. PACK v. THE STATE.

PHIPPS, Presiding Judge.

A jury found Ronnie Dale Pack guilty of molesting his ten-year-old step-granddaughter, N. F. Pack appeals, asserting that the trial court erred in holding a bench conference outside his presence, excluding admissible character evidence, and denying his motion for mistrial. He also argues that he received ineffective assistance of counsel at trial. Finding no basis for reversal, we affirm.

Viewed favorably to the verdict,[1] the evidence shows that N. F. had a close relationship with Pack, often spending weekends at his home. On September 25, 2011, N. F. told her mother after a weekend visit with Pack that he had "stuck his

---

[1] See *Goggins v. State*, 330 Ga. App. 350 (767 SE2d 753) (2014).

finger" in her vagina. The mother asked whether Pack had touched the inside or outside, and N. F. responded: "The inside."

N. F.'s parents reported the outcry to the police and had her medically examined. During the examination, N. F. told the nurse that Pack had entered her room at night, pulled down her pants, and "put his finger in her tootsie." Although the examination did not reveal physical signs of abuse, the nurse testified that sexual abuse victims often have no visible injuries. N. F. repeated her outcry in a forensic interview, stating that Pack had "stuck his finger in her" and that it had hurt. She also testified at trial that Pack had walked into the bedroom where she was sleeping, pulled down her clothing, put his finger in her "no-no area," and moved it around.

Pack testified at trial and denied the allegations. He also called several character witnesses, who testified that he had a reputation in the community as a truthful, moral, and upright person. The jury, however, found him guilty of child molestation and aggravated sexual battery.

1. Pack argues that he is entitled to a new trial because the trial court held a bench conference outside his presence during jury selection. The record shows that after bringing prospective jurors into the courtroom, the trial court stated: "Before we get started, ladies and gentlemen, I have a matter to attend to." At that point, the court

held a brief bench conference with the prosecutor, defense counsel, and a jury panel member who was on first offender probation for a felony committed several years earlier. The trial court confirmed the juror's status as a first offender, then excused him for cause without further argument from counsel. Pack was in the courtroom, but was not present at the bench conference.

According to Pack, the trial court should have ensured that he participated in the bench conference. It is true that "[t]he Georgia Constitution guarantees criminal defendants the right to be present, and see and hear, all the proceedings which are had against him on the trial before the Court."[2] This includes "proceedings at which the jury composition is selected or changed,"[3] as well as proceedings where potential jurors are stricken.[4] The right to be present, however, "does not extend to situations where the defendant's presence would be useless, or the benefit but a shadow."[5] A

---

[2] *Zamora v. State*, 291 Ga. 512, 517-518 (7) (b) (731 SE2d 658) (2012) (citations and punctuation omitted). See also Ga. Const. of 1983, Art. I, Sec. I, Par. XII.

[3] *Zamora*, supra at 518 (7) (b) (citations and punctuation omitted).

[4] *Brooks v. State*, 271 Ga. 456 (2) (519 SE2d 907) (1999).

[5] *Heywood v. State*, 292 Ga. 771, 774 (3) (743 SE2d 12) (2013) (citation and punctuation omitted).

defendant, therefore, need not participate in a bench conference consisting of "essentially legal argument about which the defendant presumably has no knowledge."[6]

Although the bench conference here related to jury selection, it ultimately involved a purely legal question: whether a first-offender felon is qualified to serve on a jury. The record contains no evidence that Pack had any knowledge about this technical issue or could have advanced the discussion. It also shows that the judge did not exercise any discretion in the matter. Once the juror confirmed that he was on first-offender probation, the trial court excused him for cause because the court believed he could not legally serve on the jury.

The trial court was wrong in this regard. A person sentenced to a period of probation or confinement under the First Offender Act[7] may serve as a juror.[8] At the bench conference, however, the trial court resolved a purely legal question.

---

[6] Id. (citation and punctuation omitted).

[7] OCGA § 42-8-60 et seq.

[8] *Humphreys v. State*, 287 Ga. 63, 71 (4) (694 SE2d 316) (2010).

4

Regardless of whether it did so correctly, Pack had no constitutional right to be present.[9] Accordingly, this claim of error lacks merit.

2. Pack also argues that he is entitled to a new trial because the trial court erroneously excluded character testimony. We disagree.

Prior to trial, the State moved to exclude evidence that Pack was sexually appropriate and moral towards children. The trial court granted the motion as to his reputation for appropriate or moral sexual conduct. But it permitted testimony regarding his general reputation as a truthful, moral person. The record shows that Pack offered such character evidence at trial. Four witnesses testified that he had a reputation in the community for being truthful, moral, and upright. These witnesses further testified that Pack was loved by everyone in his church, got along with everybody, had a "heart of gold," and was a "real good man."

---

[9] See *Parks v. State*, 275 Ga. 320, 325 (3) (565 SE2d 447) (2002) (no error in excluding defendant from bench conferences that "discussed legal matters about which [defendant] would have known very little or nothing"). Compare *Heywood*, supra (defendant had right to be present when trial court and attorneys discussed whether new jurors should be empaneled following an allegedly prejudicial remark made by juror during voir dire); *Gillespie v. State*, 333 Ga. App. 565, 569 (1) (a) (774 SE2d 255) (2015) (defendant had right to be present at bench conference during which trial court "made the *discretionary* decision to excuse [a juror] from service for hardship reasons") (emphasis in original) (physical precedent only).

The character witnesses were not allowed to specifically state that Pack had a reputation for being sexually appropriate or moral with children. But they testified about his general morality, as well as his overall standing as a good man. Even assuming – without deciding – that more specific reputation evidence was admissible, the significant character evidence presented at trial by various members of Pack's community sufficiently covered the subject. Any error in excluding the additional character evidence was harmless, and Pack is not entitled to a new trial on this ground.[10]

3. Pack claims that the trial court erred in denying his motion for mistrial after one of the State's witnesses bolstered N. F.'s credibility. A trial court exercises its sound discretion in ruling on such motion, and we will not disturb the court's ruling

---

[10] See *Goggins*, supra at 357 (3) (no reversible error in limiting defendant's character evidence where additional testimony regarding defendant's morality and trustworthiness would be cumulative); *Cole v. State*, 261 Ga. App. 809, 810 (1) (584 SE2d 37) (2003) ("Given the ample evidence of the victim's reputation for violence, any error in excluding the cumulative testimony of one witness was harmless."); *Beck v. State*, 250 Ga. App. 654, 659-660 (4) (551 SE2d 68) (2001) (error in excluding testimony harmless where, in light of other trial evidence, "there is a high probability that the exclusion of evidence, if any, did not contribute to the verdict") (citation omitted).

"unless a mistrial [was] essential to preserve the defendant's right to a fair trial."[11] No mistrial was necessary here.

At trial, the prosecutor asked the investigating detective whether anything in N. F.'s forensic interview "made [him] concerned about coaching." The detective responded: "I didn't see anything in there that showed me any kind of coaching because the victim's interview to me was very genuine." Defense counsel immediately objected and moved for a mistrial, arguing that the detective improperly bolstered N. F.'s credibility by asserting that her statements were genuine.

Although the trial court sustained Pack's objection to the testimony, it denied his motion for mistrial. The court acknowledged that the officer had used a "poor choice of words." But it concluded that "what [the officer's response] was going to was the fact that the interview was genuine to the extent that he did not see any coaching going on." The court then gave a general curative instruction:

> Ladies and gentlemen, I would like to explain to you that . . . you are the sole judges of the witness's – all of the witnesses' credibility. That is their believability. It is your decision and your decision alone which witnesses to believe, and which witnesses not to believe, if there are

---

[11] *Gooden v. State*, 316 Ga. App. 12, 15 (1) (728 SE2d 693) (2012) (punctuation and footnote omitted).

7

some whom you do not believe. And . . . that's the ultimate issue reserved for you, the jury. No other – no witness who was called to testify can . . . or should be permitted to comment on the veracity or truthfulness of any other witness. And if – if such has happened – I'm not going to comment on whether such has happened or not. But if such has happened at any point in the trial, then you would be required to disregard that testimony in its entirety. And in – and in your deliberations and in arriving at your verdict. Again, no witness is ever permitted to comment on the veracity or truthfulness of any other witness in the case.

"A witness's credibility is exclusively a matter for the jury, and in no circumstance may a witness's credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth."[12] Pack contends that the detective improperly commented on N. F.'s credibility. The trial court, however, found no bolstering. It concluded that the testimony, taken in context, related to whether the victim's interview involved real or "genuine" – rather than coached – responses. The trial court did not abuse its discretion by interpreting the detective's testimony in this way.[13]

---

[12] Id. (punctuation and footnotes omitted).

[13] See *Stillwell v. State*, 294 Ga. App. 805, 807 (2) (a) (670 SE2d 452) (2008) (testimony that witness saw no evidence that child molestation victim had been "coached" does not impermissibly bolster child's credibility); see also *Brownlow v.*

Despite its interpretation, the trial court recognized that the detective's poor word choice might have led to some confusion. It thus gave a lengthy curative instruction. Pack complains that the trial court should have explicitly characterized the detective's testimony as improper and advised jurors to disregard it. But the court reasonably concluded that the testimony was not, in fact, improper. And although it refused to identify any testimony as bolstering, the court fully apprised the jury of the bolstering prohibition in case jurors interpreted the detective's testimony differently. Under these circumstances, we find no error in the curative instruction or the denial of Pack's motion for mistrial.[14]

4. Finally, Pack alleges that he received ineffective assistance of counsel at trial. To prevail on this claim, Pack must show that trial counsel's performance was deficient and that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been different.[15] This showing requires Pack to

---

*State*, 248 Ga. App. 366, 369 (2) (b) (544 SE2d 472) (2001) (taken in context, expert testimony did not comment on victim's veracity or give opinion on ultimate issue).

[14] See *Gooden*, supra (trial court did not abuse discretion in denying motion for mistrial where curative instruction relating to bolstering given); *Cook v. State*, 276 Ga. App. 803, 806 (3) (625 SE2d 83) (2005) (same).

[15] *Hall v. State*, 292 Ga. App. 544, 551 (6) (664 SE2d 882) (2008).

overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional conduct.[16]

(a) As discussed in Division 1, the trial court wrongly dismissed a first-offender probationer from the jury pool. Trial counsel did not object to the dismissal because, like the trial judge, he mistakenly believed the juror was ineligible to serve. Pack now argues that counsel's failure to object constituted ineffective assistance of counsel.

We find no merit in this claim. Pretermitting whether trial counsel performed deficiently, Pack has not shown any probability that an objection would have altered the trial result. He offered no evidence that this juror, who was number 86 in the panel, would have made it to the jury or changed the trial outcome if not stricken for cause. Furthermore, "the erroneous allowing of a challenge for cause affords no ground of complaint if a competent and unbiased jury is finally selected."[17] Pack has not pointed to any evidence that the jurors who ultimately decided his case were incompetent or biased.

---

[16] Id.

[17] *Humphreys*, supra (citations and punctuation omitted).

10

On appeal, Pack argues that he would have been constitutionally entitled to participate in the bench conference had counsel objected to the juror's dismissal. He contends, therefore, that his absence from the bench conference would require us to reverse his conviction, changing the ultimate outcome of the case. As we explained above, however, Pack did not have a constitutional right to attend the bench conference, which involved a purely legal question. An objection by defense counsel would not have altered the legal nature of the conference or necessitated Pack's presence. Pack, therefore, has not demonstrated prejudice.

(b) Pack argues that trial counsel was ineffective to the extent he failed to preserve the errors discussed in Divisions 2 and 3. In resolving these claims of error, we did not find waiver or any failure to preserve the error. Accordingly, Pack has not shown that counsel was ineffective in this regard.

*Judgment affirmed. Doyle, C. J., and Boggs, J., concur.*