**SECOND DIVISION
BARNES, P. J.,
BOGGS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 16, 2016**

# In the Court of Appeals of Georgia

A16A1096. MOSLEY v. THE STATE.

RICKMAN, Judge.

Demetrius Mosley was convicted of rape and of two counts of aggravated sodomy. He appeals from the denial of his motion for a new trial, contending that the trial court committed reversible error because it had unduly coercive communications with the jury, and ruled on his ineffective assistance of counsel claim without first allowing him to question his trial counsel or present argument on the claim of error. Mosley further contends that his trial attorney rendered ineffective assistance. For the following reasons, we affirm.

The evidence showed that on November 5, 2010, Mosley met L. F. at a bar and took her back to his apartment early the next morning where he did, forcibly and against the will of L. F., insert his penis in her vagina, mouth, and anus. Mosley did not testify at trial, and his defense was that L. F. consented to the acts committed.

1. On appeal, Mosley contends that the trial court erred by having "unduly coercive" communications with the jury.

The record reveals that on the first day of deliberations, the jurors deliberated for at least four and a half hours, maybe more. The next morning, the jurors deliberated for approximately two hours before informing the trial court that regarding three of the four counts, they were at an impasse of nine to three; they had reached a verdict on one count. The court queried: "And you don't think if I gave you a further charge on the law called an *Allen*[1] charge it would make a difference? Basically *an Allen charge encourages you strongly to reach a unanimous verdict.*"[1] The prosecutor interrupted, and both the prosecutor and defense counsel expressed the opinion that it was too early to give an *Allen* charge. The court then further instructed the jury that "*[w]hen the jury is hung, we generally give what's called an*

---

[1] See *Washington v. State*, 333 Ga. App. 236, 239 (1), n. 14 (775 SE2d 719) (2015) ("An *Allen* charge is given by the trial court when the jury in a criminal trial indicates that it is deadlocked, encouraging the jurors to reexamine their opinions in continued deliberations and to attempt to reach a unanimous verdict.") (citations omitted). See *Allen v. United States*, 164 U. S. 492, 501 (9) (17 SCt 154, 41 LE 528) (1896).

[1] (Emphasis supplied.)

*Allen charge*."[2] The court stated, however, that it would not give such a charge and would instead send the jurors to lunch, and ask that when they returned they "talk about everybody's views and *see if the questions of the three can be answered*."[3] The record does not reflect when the jury returned from lunch, but it shows that the jury returned a unanimous verdict on all counts approximately two and one half hours after the court's last communication.

Mosley challenges the foregoing italicized language, contending that the statements were "tantamount to charging that even in the event of any conscientious and irreconcilable difference of opinion between the jurors, one or more jurors would be required to surrender his view in order to reach a verdict." We disagree.

"The jury should be free to act and free from any seeming or real coercion on the part of the court." (Citation omitted.) *Riggins v. State*, 226 Ga. 381, 384 (3) (174 SE2d 908) (1970). Jury instructions should not put pressure on the jurors "one way or the other," nor should they "exhort the minority to reexamine its views in deference to the majority, or to suggest that the majority's position is correct." (Citations and punctuation omitted.) *Honester v. State*, 336 Ga. App. 166, 172 (784

---

[2] (Emphasis supplied.)

[3] (Emphasis supplied.)

3

SE2d 30) (2016). "The question to be considered on appeal . . . is whether the trial court's remarks or instructions were coercive so as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors." (Citation and punctuation omitted.) *Porter v. State*, 278 Ga. 694, 696 (2) (606 SE2d 240) (2004). The answer here is no.

Before the jury began its deliberations, the court instructed, inter alia, as follows.

> One of your first duties in the jury room will be to select one of your number to act as foreperson who will preside over your deliberations and who will sign the verdict to which all 12 of you freely and voluntarily agree. You should start your deliberations with an open mind, consult with one another and consider each other's views. Each of you must decide this case for yourself, but you should do so only after a discussion and consideration of the case with your fellow jurors.
>
> Do not hesitate to change an opinion if you are convinced that it is wrong. However, you should never surrender an honest opinion in order to be congenial or to reach a verdict solely because of the opinions of the other jurors. Whatever your verdict is, it must be unanimous. That is, agreed to by all.

The trial court's challenged statement that unanimous verdicts are encouraged was a correct statement of the law. See *Allen*, 164 U. S. at 501 (9); *Drayton v. State*,

4

297 Ga. 743, 748 (2) (b) (778 SE2d 179) (2015) ("while a court should not instruct a jury that it is absolutely required to reach a verdict, it is permissible to instruct a jury that any verdict that it does agree on must be unanimous.") (citation and punctuation omitted). And Mosley's reliance on *Moore v. State*, 222 Ga. 748 (152 SE2d 570) (1966) is misplaced. In that case, unlike the instant case, the trial court unduly urged or pressed the jury by instructing it to reach a "speedy verdict." Id., 222 Ga. at 753 (5). That was not the case here; nor does Mosley so allege. Moreover, nothing in the court's further correct statement – that at times it is authorized to give a charge which strongly encourages jurors to reach a unanimous verdict – undid the court's prior instructions or either stated or implied that any juror in the instant case should abandon his/her honest convictions about the case. See *Honester* 336 Ga. App. at 172 ("even in the absence of the pattern charge [urging allegedly deadlocked jurors to further deliberate], the judge [can] give[ ] any charge urging the jury to reach a consensus") (citation and punctuation omitted).

Likewise, we discern no reversible error from the trial court's comment to the jury that they continue to deliberate to see whether the questions of the minority could be answered. "Whether a verdict was reached as the result of coercion depends upon the totality of the circumstances." (Citation omitted.) *Sears v. State*, 270 Ga. 834, 837

5

(1) (514 SE2d 426) (1999). The length of deliberation and reaffirmation in polling play an important role in determining coerciveness when there is a possibility the charge could be coercive. See *Lowery v. State*, 282 Ga. 68, 72 (4) (a) (646 SE2d 67) (2007). Here, the trial court's remarks did not pressure the jury. Compare *Moore*, 222 Ga. at 753 (5). "[T]he trial court made no statements that could be construed as attempting to force any juror to give up his or her honest opinion[,] [and] [t]he fact that the court did not reiterate that a juror should not surrender his or her convictions merely in order to reach a verdict did not render its treatment of the situation coercive." (Citations omitted.) *Mayfield v. State*, 276 Ga. 324, 330 (2) (a) (578 SE2d 438) (2003).

And even assuming that the remarks could be construed as an intimation regarding the propriety of a particular verdict,[4] the circumstances of this case do not warrant reversal. The court prefaced its comment by first stating that it would ask the

---

[4] *See Riggins,* 226 Ga. at 384-385 (3) (where foreman informed trial court that the jury stood split 10 to 2, court's response that "somebody is being a little unreasonable, stubborn" was error and demanded the grant of a new trial, as remarks "intimated that one or more members of the jury should surrender his or their conviction rather than cause a mistrial"). Compare *McMillan v. State*, 253 Ga. 520, 523 (4) (322 SE2d 278) (1984) ("This court has approved the use of the '*Allen* charge,' . . . in which a deadlocked jury is instructed to listen to the arguments of others, to *consider the opinions of the majority* and reminded that absolute certainty is not required.") (citations and punctuation omitted; emphasis supplied).

jury to "talk about *everybody's*[5] views"; the jury returned its verdict more than two hours after the court's comments; and when the jury was polled, each juror affirmed that the verdict was his/hers in the jury room, that it was freely and voluntarily made by him/her, and that it was still his/her verdict. See *Sharpe v. State*, 288 Ga. 565, 567-568 (5) (707 SE2d 338) (2011) (record did not support a finding that the trial court's disapproved of remarks improperly coerced the jury, as the jurors deliberated for a considerable time after the instruction was given and reaffirmed their verdict when polled); *Burchette v. State*, 278 Ga. 1-3 (596 SE2d 162) (2004) (polling of jury helped demonstrate that charge given during deliberations which contained disapproved of language was not coercive); see also *Smith v. State*, 275 Ga. App. 60, 65 (6) (619 SE2d 694) (2005) (deliberations for approximately one hour after charge which contained language disapproved of was given demonstrated that jury did not rush to a conclusion); *Graham v. State*, 273 Ga. App. 187, 189 (2) (614 SE2d 815) (2005) (same).

There was no demonstration that the trial court's remarks affected the outcome of the trial court proceedings or otherwise constituted plain error.[6] See generally

---

[5] (Emphasis supplied.)

[6] Trial counsel did not object to the challenged remarks.

*Aikens v. State*, 297 Ga. 229, 231 (2) (773 SE2d 229) (2015) (applying plain error review to trial court's response to jury's question during deliberations). See also *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011); OCGA § 17-8-58 (b). Accordingly, this enumerated error presents no ground for reversal.

2. Mosley's remaining enumerated errors concern a claim of ineffective assistance of counsel. In the trial court's written order, issued approximately two weeks after the motion for new trial hearing, the court ruled that Mosley failed to meet his burden of showing either deficient performance or harm.[7]

(a) Mosley contends that the trial court erred by ruling on his ineffective assistance of counsel claim without first allowing him to question his trial counsel or present argument on the claim of error at the motion for new trial hearing. We have reviewed the record, and Mosley's ineffective claim, although timely raised in his written amended motion for new trial, was not addressed at the motion for new trial hearing, and Mosley presented no evidence or argument thereon at the hearing. We

---

[7] See *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004) ("To prevail on a claim of ineffective assistance of trial counsel, [a defendant] bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency.") (footnote omitted).

decline, however, to do as Mosley asks this Court and lay blame for such failure upon the trial court. Instead, the omission appears to have occurred inadvertently.

(b) Mosley contends that his trial counsel rendered ineffective assistance when he elicited from the state's expert witness, a forensic psychologist who had conducted an assessment of the victim, testimony that the witness believed the victim, which testimony he claims went to the "ultimate issue" in the case.

"In Georgia, the credibility of a witness is to be determined by the jury, and the credibility of a victim may not be bolstered by the testimony of another witness. Thus, a witness may not give an opinion as to whether the victim is telling the truth." (Punctuation and footnotes omitted.) *Stillwell v. State*, 294 Ga. App. 805, 806-807 (2) (a) (670 SE2d 452) (2008).

Mosley's challenge is to statements which amount to the witness testifying that during her interview with the victim, the witness did not feel "tricked" by the victim. But trial counsel did not elicit the challenged testimony Mosley points out. The record reflects, as Mosley himself acknowledges in his appeal brief, that when trial counsel asked the witness general questions about whether the witness had ever been tricked during a forensic interview, "instead of simply responding to the question, [the witness] went on to say" the challenged testimony. Accordingly, Mosley failed to

show that his trial counsel performed deficiently by eliciting alleged harmful testimony.

Moreover, the witness never stated that she believed the victim, and in our view, the challenged statements amount to testimony that the witness did not see any signs of deception during the interview. "[S]uch testimony does not impermissibly address the ultimate issue before the jury or bolster the [victim's] credibility." (Punctuation and footnote omitted.) *Stillwell*, 294 Ga. App. at 807 (2) (a); *Anthony v. State*, 282 Ga. App. 457, 459 (2) (638 SE2d 877) (2006). And in any event, any harm in the testimony was cured by the trial court's instruction for the jury to "disregard any testimony from [the witness] that could possibly be conceived as vouching for the credibility of the victim." See generally *Pack v. State*, 335 Ga. App. 783, 786-787 (3) (783 SE2d 146) (2016); *Gooden v. State*, 316 Ga. App. 12, 14-15 (1) (728 SE2d 693) (2012). Accordingly, Mosley failed to meet his burden, and the trial court did not err in denying his motion on this ground.

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur.*